UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD OBERWISE,

    Petitioner,

v.                                      CASE NO. 8:14-cv-2939-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

Oberwise applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for five counts of lewd and lascivious battery, for which he is imprisoned for twenty years. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Oberwise is barred from pursuing this second or successive application.

The only ground for relief asserted in the present application was presented in Oberwise's earlier challenge to this same conviction in 8:11-cv-1124-T-30TGW, which application was rejected on the merits.[1] Both the district court and the circuit

---

[1] The order in the earlier case dismissed this specific ground as procedurally barred but also explained why this specific ground lacks merit. Oberwise's other ground was denied on the merits. Additionally, Oberwise is time-barred from pursuing the present ground because his one-year

court declined to issue a certificate of appealability. (Doc. 19 and 25 in 11-cv-1124) On May 12, 2013, the Supreme Court denied Oberwise's petition for a writ of *certiorari*. (Doc. 27 in 11-cv-1124) Oberwise is precluded from pursuing a second or successive application without permission from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). Oberwise must convince the circuit court of his entitlement to file a second or successive application.

Additionally, Oberwise moves (Doc. 5) "for Review of Order Denying Post-Trial Release" in which he erroneously attempts to invoke federal appellate jurisdiction of the state court's denial of his release while the direct appeal was pending. A federal district court may not review a state court's ruling because a federal court has no supervisory or appellate jurisdiction over a state court.

> It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923). Under the *Rooker-Feldman* doctrine, the authority to review final

---

limitation expired while the earlier federal action was pending. Although the one-year limitation tolls for a properly-filed post-conviction application in state court, *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the one-year limitation is not tolled during the pendency of a Section 2254 application. *Duncan v. Walker*, 533 U.S. 167 (2001).

> decisions from the highest court of the state is reserved to the Supreme Court of the United States. *Dale v. Moore*, 121 F.3d 624 (11th Cir. 1997). Jones cannot utilize 42 U.S.C. § 1983 to recast his claim and thereby obtain collateral review in federal court of the state court decision. *Berman v. Florida Bd. of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986).

*Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir.), *cert. denied*, 523 U.S. 1041 (1998). A federal district court lacks jurisdiction to adjudicate "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Christophe v. Morris*, 198 Fed. App'x 818, 825 (11th Cir. 2006)[2] (construing part of a complaint as a challenge to a state court adjudication and holding the claim barred under *Rooker-Feldman*).

Accordingly, the application for the writ of habeas corpus (Doc. 1) is **DISMISSED** and the motion for leave to proceed *in forma pauperis* (Doc. 3) is **DENIED as moot**. The motion (Doc. 5) seeking appellate review of the state court's denial of post-trial release is **DENIED**. The clerk must close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Oberwise is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Oberwise must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly a second or successive application, Oberwise is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Oberwise must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on December 2, 2014.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE